UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAINT FRANCIS MEDICAL CENTER, *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> XAVIER BECERRA, Secretary, United States Department of Health and Human Services, <br><br> *Defendant*. | Case No. 1:22-cv-1960-RCL <br> Case No. 1:22-cv-1964-RCL <br> (consolidated) |

## MEMORANDUM OPINION

Plaintiff-hospitals ("Hospitals") bring this action challenging their total Medicare inpatient hospital operating payments for fiscal years 2019, 2020, and 2021. Before the Court are the Hospitals' Motion for Partial Summary Judgment, ECF No. 15-1, and defendant Secretary of the United States Department of Health and Human Services' ("Secretary's") Cross-Motion to Dismiss for Lack of Jurisdiction, ECF No. 18-1. Upon consideration of the parties' briefing, the record, and the applicable law, this Court will **DENY** the Hospitals' motion and **GRANT** the Secretary's motion.

### I.  BACKGROUND

The Hospitals raise predicate fact challenges to Medicare Hospital Inpatient Prospective Payment System ("IPPS") payments for fiscal years 2019, 2020, and 2021. Compl. ¶¶ 1–7, ECF No. 1; *see generally Kaiser Found. Hosps. v. Sebelius*, 708 F.3d 226, 232–33 (D.C. Cir. 2013); *Saint Francis Med. Center v. Azar*, 894 F.3d 290, 291–92 (D.C. Cir. 2018).[1]

---

[1] Case No. 22-cv-1964 was consolidated with Case No. 22-cv-1960 on September 1, 2022. ECF No. 10. The Court cites to the Complaint filed in 22-cv-1960. Additionally, because the procedural history of these two suits is substantially similar, the Court will describe the case's procedural background in general terms. This is consistent with the practice of both parties.

1

The Hospitals' allege that the Secretary calculated payments for these years using "invalidly low standardized amounts." Compl. ¶ 1 (internal quotation marks omitted). Standardized amounts provide "fundamental methodological building block[s]" for calculating IPPS payments. Compl. ¶ 2. Standardized amounts are not recalculated from scratch each fiscal year. Compl. ¶ 2. Instead, the Secretary carries forward the previous year's standardized amounts after applying certain adjustments. Compl. ¶ 2. The standardized amounts at issue here trace back to when the Secretary originally calculated standardized amounts for fiscal year 1984. Compl. ¶ 2. The Hospitals allege that the Secretary's calculations for fiscal year 1984 were impermissibly low and that this understatement has infected the Secretary's calculations for all subsequent fiscal years, including 2019, 2020, and 2021. Compl. ¶ 2. The Hospitals initiated their predicate fact challenges by filing group appeals before the Provider Review Reimbursement Board (the "Board"). Compl. ¶ 58.

On August 10, 2020, the Hospitals requested expedited judicial review ("EJR") of their claims. Compl. ¶ 61. EJR permits parties to bypass the Board hearing process in cases where the Board "is without authority" to decide a "question of law or regulations relevant to the matters in controversy." 42 U.S.C. § 1395oo(f)(1). EJR requests are directed to the Board. *Id.* If the Board fails to render a determination on EJR within the period required by law—ordinarily, thirty days—then the party requesting EJR may bypass the Board entirely and file a civil action in the appropriate United States District Court. *Id.* In their request, the Hospitals argued that they were entitled to EJR because the Board had jurisdiction to hear their appeals but lacked authority to decide the validity of the Secretary's regulations concerning IPPS. Compl. ¶¶ 60–61, 63. In response, the Board homed in on the issue of jurisdiction and requested "significant supplemental briefing" on whether 42 U.S.C. § 1395ww(d)(7) renders the Hospitals' claims administratively

and judicially unreviewable. Compl. ¶ 62. The parties spent approximately three months briefing the jurisdictional issue. *See* Compl. ¶ 62.

The Board denied the Hospitals' first EJR request with leave to refile on October 27, 2021. Compl. ¶ 64. Simultaneously with the denial, the Board requested that the parties respond to several questions "addressing both whether EJR is appropriate as well as whether the Board has jurisdiction." Compl. ¶ 64 (internal quotation marks omitted). The Centers for Medicare and Medicaid Services Administrator declined to review the Board's decision denying the first EJR request on December 22, 2021. Compl. ¶ 65. The Hospitals responded to the Board's requests for information on February 4, 2022. *Saint Francis* Administrative Record 290–352; *UCMC* Administrative Record 268–308.[2]

On April 8, 2022, the Hospitals requested EJR for the second time. Compl. ¶ 66. In response, the Board stated that it would not rule on the second EJR request within thirty days and that "the 30-day period for responding to the EJR request is stayed for these group appeals." Compl. ¶ 67 (internal quotation marks omitted). The Board did not issue a determination respecting the second EJR request within the thirty-day period after the Hospitals filed their second EJR request. Compl. ¶ 73. On July 6, 2022, while the Board's review of the second EJR request was still outstanding, the Hospitals filed the two lawsuits that are presently consolidated before this Court. The Hospitals claim that they are entitled to file suit in this Court because the Board failed to act within the statutorily prescribed period for responding to their second EJR request. Compl. ¶ 6.

---

[2] The administrative records for these consolidated cases are located in the multi-volume joint appendix available at ECF No. 32.

The Hospitals moved for partial summary judgment on October 28, 2022. Pls.' MSJ, ECF No. 15-1.[3] They ask the Court "to confirm that they were entitled to file these [consolidated] actions under 42 U.S.C. § 1395oo(f)(1)." Pls.' MSJ at 10–11. In the alternative, they ask the Court to exercise its mandamus powers to compel the Board to decide the jurisdiction issue within ten days following remand. Pls.' MSJ at 11. The Secretary opposed and cross-moved to dismiss. Def.'s MTD, ECF Nos. 18-1, 19.[4] The Secretary argues that the Court lacks subject matter jurisdiction to hear the merits of the Hospitals' claims because the Hospitals failed to exhaust their administrative remedies. Pls.' MSJ at 25–47. The Secretary further argues that the Hospitals are not entitled to mandamus relief. Pls.' MSJ at 47–49. The Hospitals opposed the Secretary's motion to dismiss and replied in support of their motion for partial summary judgment. Pls.' Reply, ECF Nos. 23, 24.[5] The Secretary replied in support of his motion to dismiss. Def.'s Reply, ECF No. 27.

Earlier this year, after the parties completed their motions briefing, the Board dismissed several substantively identical group appeals for lack of jurisdiction. ECF Nos. 30, 33. The Board issued a written decision in which it explained that "it lacks substantive jurisdiction . . . because . . . 42 U.S.C. § 1395ww(d)(7) prohibits administrative or judicial review." ECF No. 31-1 at 12. The providers in those group appeals have appealed the Board's decision to this Court.[6]

The parties' motions are ripe for review.

---

[3] The Court cites to ECF page numbers when referring to the parties' motions, not the motions' internal pagination.

[4] These filings are identical and will be treated as a single filing.

[5] *See* the previous footnote.

[6] That case is No. 23-cv-1594.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

A defendant in a civil action may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A court considering such a motion must take all the well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Doe v. Wash. Metro. Area Transit Auth.*, 453 F. Supp. 3d 354, 361 (D.D.C. 2020); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). "However, those factual allegations receive closer scrutiny than they do in the Rule 12(b)(6) context," and the court "may look to documents outside of the complaint in order to evaluate whether or not it has jurisdiction to entertain a claim." *Doe*, 453 F. Supp. 3d at 361 (internal quotation marks and citations omitted). It is the "[p]laintiff [who] bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Am. Farm Bureau v. U.S. Env't Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

### B. Medicare Statutory Exhaustion Requirements

"Federal subject matter jurisdiction over claims arising under the Medicare Act is permitted only upon the completion of the administrative process outlined in that statute and its implementing regulations." *Cape Cod Hosp. v. Leavitt*, 565 F. Supp. 2d 137, 139 (D.D.C. 2008) (quoting *Three Lower Cntys. Cmty. Health Servs. v. U.S. Dep't of Health & Human Servs.*, 517 F.Supp.2d 431, 435 (D.D.C. 2007)); *see also* 42 U.S.C. §§ 405(g)–(h), 1395ii. The Medicare statute "demands the 'channeling' of virtually all legal attacks through the agency." *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000). Indeed, this Circuit has held that judicial review is barred under 28 U.S.C. § 1331 and "may be had only after the claim has been presented to the Secretary and administrative remedies have been exhausted." *Am.*

*Chiropractic Ass'n v. Leavitt*, 431 F.3d 812, 816 (D.C. Cir. 2005); *see also Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have the opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."). "Even if the administrative process is time-consuming, it must be followed as long as it is available." *Cape Cod*, 565 F. Supp. 2d at 140 (citing *Three Lower Counties*, 517 F. Supp. 2d at 435).

"The Medicare statute and regulations prescribe a specific procedure for filing reimbursement claims and for appealing reimbursement decisions with which the provider disagrees." *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 990 (D.C. Cir. 1982). Providers who are dissatisfied with a final determination of their fiscal intermediary as to the amount of payment generally may appeal the determination to the Board. 42 U.S.C. § 1395oo(a)(1)(A)(ii). However, providers may not appeal if they fail to satisfy certain jurisdictional prerequisites or if the statute makes the determination at issue administratively and judicially unreviewable. *Id.* § 1395oo(a)(2)–(3), (b), (g); *see also* 42 C.F.R. §§ 405.1837, .1840. After the Board finds jurisdiction, holds a hearing, and renders a decision, providers may then have access to judicial review according to the jurisdictional guidelines established by Congress. 42 U.S.C. § 1395oo(f). A decision by the Board becomes final for purposes of seeking judicial review unless "within 60 days after the provider of services is notified of the Board's decision, [the Secretary] reverses, affirms, or modifies the Board's decision." *Id.* § 1395oo(f)(1).

Providers may bypass the full Board hearing process and obtain EJR in cases where the Board has jurisdiction to hold a hearing but "is without authority" to decide a "question of law or

regulations relevant to the matters in controversy." *Id.* However, before providers may obtain EJR, the Board must first find that it lacks authority to decide a relevant question. *Id.* The Board may make this determination on its own motion or at the request of a provider. *Id.* Requests for a determination must meet requirements set forth in the Medicare statute and regulations. *See* 42 U.S.C. § 1395oo(f); 42 C.F.R. § 405.1842. For instance, the provider must be able to "obtain a hearing under subsection (a)" and the request must be "accompanied by such documents and materials as the Board shall require for purposes of rendering such determination." 42 U.S.C. § 1395oo(f)(1). If all applicable requirements are met, then the Board must render a determination within thirty days of receiving the request. *Id.* If the Board fails to render a determination "within such period, the provider may bring a civil action . . . with respect to the matter in controversy" within sixty days. *Id.*

### III. DISCUSSION

The Court is without subject matter jurisdiction to reach the merits of the Hospitals' claims because they failed to exhaust their administrative remedies when they initiated civil actions in this Court before the Board determined it had jurisdiction. Additionally, the Court will not exercise its mandamus powers to compel a determination because the statute imposes no time constraints on the Board's jurisdictional review. For these reasons, the Hospitals' claims must be dismissed.

#### A. The Hospitals Have Not Exhausted Their Administrative Remedies

The Hospitals acknowledge that they short-circuited the Board's jurisdictional review when they filed in this Court but argue that this was proper because the Board was required to render a decision on EJR within thirty days after the second request was filed and failed to do so. *See* Pls.' MSJ at 30. According to the Hospitals, this means the Court is authorized to reach the

7

merits of their claims under both the statute, 42 U.S.C § 1395oo(f)(1), and the implementing regulation, 42 CFR § 405.1842.

Not so. The Court is without jurisdiction to hear these claims because the statute and regulation do not require the Board to render a decision on jurisdiction within thirty days of receiving a complete EJR request. Indeed, the statute and regulation by their terms do not impose *any* time constraints on the Board's determination of jurisdiction. *See* 42 U.S.C § 1395oo(f)(1); 42 CFR § 405.1842. The Hospitals' proffered interpretation of the regulation is so wildly disconnected from the text as to "warrant[] little attention." *Cape Cod*, 565 F. Supp. 2d at 141. And, as discussed below, the Court's interpretation of the regulation is consistent with the text of the Medicare Act and is neither arbitrary nor capricious.

The Court will not belabor these points as it already reached substantially the same result in *Cape Cod*. Although *Cape Cod* arose in a slightly different procedural context, the legal propositions that it stands for apply with full force here: The thirty day period within which the Board must act on an EJR request does not begin to run until the Board accepts jurisdiction, and, this scheme is consistent with the plain text of the Medicare Act. *See id.* at 140–41. The Hospitals have not offered persuasive reasons to revisit this holding or find it inapposite. However, even if this issue were before the Court for the first time, the Court would reach the same result.

### 1. The Hospitals May Not Obtain EJR Before the Board Finds It Has Jurisdiction

The Court starts with the text of the implementing regulation. Paragraph (b)(2), which appears in a parent-paragraph entitled "General," provides that:

> Under paragraphs (d) and (e) of this section, a provider may request a determination of the Board's authority to decide a legal question, but *the 30-day period* for the Board to make a determination under [§ 1395oo(f)(1)] of the Act *does not begin to run until the Board finds jurisdiction to conduct a hearing on the specific matter at issue*

8

>  *in the EJR request* and notifies the provider that the provider's request is complete.

42 CFR § 405.1842(b)(2) (emphasis added).[7] The text is clear. The thirty-day decisional period does not begin until the Board finds it has jurisdiction. *Id.* The Hospitals did not originally dispute this in their motion for partial summary judgment. Instead, they argued that the regulation was inconsistent with the text of § 1395oo(f)(1). *See* Pls.' MSJ at 18–19, 32–33. In the Hospitals' combined opposition and reply, however, they raised for the first time the specious argument that the regulation requires the Board to determine jurisdiction within thirty days. Pls.' Reply at 20–28. Their argument fails.

The Hospitals claim that 42 CFR § 405.1842(e)(3) unambiguously establishes that the Board must render a decision on jurisdiction and authority within thirty-days of receiving a complete EJR request. Pls.' Reply at 20–22. § 405.1842(e)(3)(i) states that "[u]pon receiving a complete provider request, [the Board must] issue an EJR decision in accordance with paragraph (f) of this section no later than 30 days after receipt of the complete provider request." 42 CFR § 405.1842(e)(3)(i). The Hospitals argue that because their request was complete, the Board was obligated to render a response within thirty days. Pls.' Reply at 25–26.

But the Hospitals' myopic focus on § 405.1842(e)(3)(i) fatally ignores the rest of paragraph (e). § 405.1842(e)(1) provides:

> If the Board makes a finding that it has jurisdiction to conduct a hearing on a specific matter at issue in accordance with § 405.1840(a) of this part, *then (and only then)* it must consider whether it lacks the authority to decide a legal question relevant to the matter at issue. The Board is required to make a determination of its authority to decide the legal question . . . by issuing an EJR decision no later than 30 days after receiving a complete provider request as defined in paragraph (e)(2) of this section.

---

[7] Paragraph (b)(1) provides that "[t]he Board . . . must find that [it] has jurisdiction over the specific matter at issue before the Board may determine its authority to decide the legal question." 42 CFR § 405.1842(b)(1).

9

42 CFR § 405.1842(e)(1) (emphasis added). The first sentence of § 405.1842(e)(1) fixes when the thirty-date period for determining authority defined in the second sentence becomes operative, specifically, *after* the Board determines it has jurisdiction. *Id.* The provisions that follow—paragraphs (e)(2) and (e)(3)—simply mirror (e)(1)'s bifurcated structure. *See id.* § 405.1842(e). At most, § 405.1842(e)(3)(i) provides greater specificity and guidance for implementing the second sentence of § 405.1842(e)(1); it does not purport to obviate or alter the import of the first sentence. *See id.* § 405.1842(e)(3)(i).

To put it simply, § 405.1842(e)(3)(i) cannot reasonably be read in isolation from the first sentence of § 405.1842(e)(1), which states that the Board must consider its authority *if and only if* the Board has made a finding that it has jurisdiction. *See id.* § 405.1842(e)(1).[8] And it must also be read in conjunction with § 405.1842(b)(2), which expressly applies to "paragraph[] . . . (e)" and states that "the 30-day period . . . does not begin to run until the Board finds jurisdiction." *Id.* § 405.1842(b)(2). This is the only reasonable interpretation, and the regulation basically says as much. *See id.* § 405.1842(a)(4) (stating under the "Basis and scope" section that "[t]he provider has a right to seek EJR . . . if . . . [t]he Board fails to make a determination of its authority to decide the legal question no later than 30 days *after finding jurisdiction* . . . .") (emphasis added).

For these reasons, the Court finds that 42 CFR § 405.1842 does not invariably require the Board to render a decision on EJR within thirty days of receiving a complete EJR request. Under the regulation, the thirty day clock to render a decision on EJR does not begin to run until the Board finds it has jurisdiction. The regulation does not require the Board to determine jurisdiction within thirty days, let alone any amount of time.

---

[8] The Court is astounded that the Hospitals omitted the text of the first sentence of § 405.1842(e)(1) in their combined opposition and reply, especially because they quoted and discussed the second sentence at length. *See* Pls.' Reply at 8, 21, 33. The Hospitals obliquely refer to the first sentence in a glancing footnote. Pls.' Reply at 23 n.12.

## 2. The Secretary's Regulation is Consistent with the Medicare Act

The Hospitals can succeed on exhaustion only if the regulation is "arbitrary, capricious, or manifestly contrary" to 42 U.S.C. § 1395oo(f)(1). *See Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 157 (2013) (quoting *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)). "This Court is satisfied that the regulations promulgated by defendant do not conflict with the plain language of the Medicare Act" and are not arbitrary or capricious. *Cape Cod*, 565 F. Supp. 2d at 141; *see also Alexandria Hosp. v. Bowen*, 631 F. Supp. 1237, 1244–45 (W.D. Va. 1986); *Total Care, Inc. v. Sullivan*, 754 F. Supp. 1097, 1103–04 (W.D.N.C. 1991); *S.F. Gen. Hosp. v. Shalala*, No. 98-cv-916 (SI), 1999 WL 717830, at *4–5 (N.D. Cal. Sept 8, 1999); *but see Minn. Hosp. Ass'n v. Bowen*, 703 F. Supp. 780, 784–85 (D. Minn. 1988).

Starting with the text. § 1395oo(f)(1) states that a provider who "*may obtain a hearing under subsection (a)* . . . may file a request for a determination by the Board of its authority to decide the question of law or regulations relevant to the matters in controversy." 42 U.S.C. § 1395oo(f)(1) (emphasis added). In other words, only providers who can obtain a hearing before the Board can request EJR. *See id.* The statutory criteria for hearing eligibility are defined at § 1395oo(a). *Id.* § 1395oo(a). Additionally, certain determinations and decisions are entirely unreviewable. *Id.* § 1395oo(g). The "may obtain a hearing" proviso in § 1395oo(f)(1) provides the statutory ground for the jurisdictional requirements implemented in the Secretary's regulations. *See id.* § 1395oo(f)(1); *see also* 42 CFR §§ 405.1840, .1842.

The thirty-day clock that the Hospitals allege applies to the Board's determination of jurisdiction arises from the statutory requirement that the Board "shall render *such determination* in writing within thirty days." 42 U.S.C. § 1395oo(f)(1) (emphasis added). But it is clear from

11

context that "such determination" specifically refers to a "*determination by the Board of its authority* to decide the question of law or regulations relevant to the matters in controversy." *Id.* (emphasis added). Jurisdiction and authority are not "one and the same." *Cape Cod*, 565 F. Supp. 2d at 141. Thus, while the statute clearly imposes a thirty-day limit on the Board's determination of its authority, the statute does not, by its terms, impose a thirty-day limit on the Board's determination of jurisdiction. *See* 42 U.S.C. § 1395oo(f)(1). Hence, the Secretary's decision to forgo a limit is not "manifestly contrary to the statute." *See Auburn Reg'l*, 568 U.S. at 157; *see also Alexandria Hosp.*, 631 F. Supp. at 1244 ("[T]he statute itself suggests that an EJR request need not be considered before the [Board] determines it has jurisdiction over an appeal.").

Nor is the implementing regulation arbitrary and capricious. It makes good sense not to impose a thirty-day limit on the Board's determination of its jurisdiction because thirty days will not be enough time in all cases. *See Alexandria Hosp.*, 631 F. Supp. at 1245. Contrary to what the Hospitals contend, the question of jurisdiction is not strictly preliminary; sometimes, it will be difficult and complex. The Secretary avers that this is such a case and the Court has no reason to disbelieve that representation. *E.g.*, Def.'s MTD at 30–31. And, as the Hospitals concede, "statutory time limits on Board decision-making under § 1395oo are very much the exception, not the norm." Pls.' Reply at 26. The statute's clear time limit for determining authority is far too thin a reed to sustain an atextual time limit for determining jurisdiction that applies in all cases regardless of complexity. And the Court sees no reason to reward the Hospitals' impatience by inventing a new shortcut to judicial review. Doing so would run against the clear thrust of the Medicare Act's jurisdictional provisions, which require exhaustion "[e]ven [when] the administrative process is time-consuming." *Cape Cod*, 565 F. Supp. 2d at 140.

Additionally, the Secretary's interpretation of the statute is not unreasonable merely because the Hospitals were unwilling to wait for a decision. Had the Hospitals continued waiting, they likely would have received a determination of jurisdiction earlier this year, as the Board rendered jurisdictional determinations in several group appeals asserting substantively identical claims on April 6, 2023. ECF Nos. 30, 33. These recent decisions illustrate why it is important that providers not seek shortcuts where the law does not provide them. The parties and the Board invested significant resources into developing the jurisdictional questions raised by the Hospitals' claims. *E.g.*, Def.'s MTD at 46. When the Hospitals ran out of patience, they filed suit in this Court (which is *not* subject to any time constraints) and effectively froze the proceedings before the Board, wasting their earlier efforts. *See* Def.'s MTD at 21. Meanwhile, other providers with substantially the same claims have already obtained determinations and appealed those determinations to this Court. ECF Nos. 30, 33. Simply put, the Hospitals' decision to short-circuit the Board's review did *not* hasten consideration of the merits.

Finally, whatever the Hospitals may think, the Board's review was not "irrelevant." *Contra* Def.'s Reply at 28. The Board adopted the position that the jurisdictional question was complicated and entangled with the merits. *Saint Francis* Administrative Record 1416; *UCMC* Administrative Record 3023. The Hospitals may disagree with the Board's assessment, but they have not shown that the Board's position was *unreasonable*. And it is the Board's prerogative to decide such questions in the first instance. *See Cape Cod*, 565 F. Supp. 2d at 141; *see also Weinberger*, 422 U.S. at 765. Thus, "[t]he Court is satisfied that in order for [the Hospitals] to exhaust their administrative remedies, the Board must [first] be afforded an opportunity to consider the [jurisdictional issues] before the substantive issues may be properly before this Court." *Cape Cod*, 565 F. Supp. 2d at 141.

## B. The Hospitals Are Not Entitled to Mandamus Relief

The Hospitals argue in the alternative that they are entitled to mandamus relief. Pls.' MSJ at 42. But the Court has already held that there is no statutory or regulatory requirement that the Board render its jurisdictional determinations within a particular time. In other words, the Board is not subject to a non-discretionary duty such that the Court could order mandamus relief. *See In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (requiring "a clear duty to act"). Additionally, the Court does not believe that the Board has placed a "perpetual hold" on EJR requests. *Contra* Pls.' MSJ at 43–44. The Board's recent group appeals dismissals suggest that further jurisdictional determinations will be forthcoming after the Court grants the Secretary's motion to dismiss. *See* ECF Nos. 30, 33. Under these circumstances, the Court does not find "compelling equitable grounds" to justify exercising the extraordinary power of mandamus. *See Nat'l Shooting Sports Found., Inc. v. Jones*, 840 F. Supp. 2d 310, 323 (D.D.C. 2012).

Additionally, the Hospitals' belated "unreasonable delay" claim is deemed waived. The Hospitals did not raise unreasonable delay in their Complaint or their motion for partial summary judgment. *See* Compl.; Pls.' MSJ. Although they argue unreasonable delay in their opposition to the Secretary's motion to dismiss, Pls.' Reply at 32–37, it appears that they did so only because the Secretary pointed out this glaring omission in his motion, Def.'s MTD at 48 n.11. Notably, the Hospitals' motion for partial summary judgment fails to discuss or cite the multi-factor test detailed in *Telecomms. Rsch. & Action Cent. v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984), despite dedicating at least six pages to *TRAC* in its combined opposition and reply.[9] Pls.' Reply

---

[9] There are six *TRAC* factors: "(1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

14

at 32–37. It is hard to rationalize this omission given *TRAC*'s centrality to unreasonable delay claims. The Court will not permit the Hospitals to amend their Complaint via their briefs in opposition to the Secretary's motion to dismiss. *See Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020).

Even so, the Hospitals' unreasonable delay claim would fail for the reasons stated in the Secretary's reply, namely, that the *TRAC* factors do not support mandamus relief. *See* Def.'s Reply at 27–30. The Board's jurisdictional determinations are not subject to any non-discretionary deadlines, and the nearly two-year delay alleged here is not unreasonable. *See, e.g.*, *Mercy Gen. Hosp. v. Becerra*, 643 F. Supp. 3d 16, 32 n.12 (D.D.C. Nov. 17, 2022) (finding three-year delay insufficient to warrant relief). The Hospitals have not shown that further delay affects human health and welfare. *See Sychev v. Jaddou*, No. 20-cv-3484 (CKK), 2022 WL 951378, at *6 (D.D.C. Mar. 30, 2022). And the Court has already made clear that it believes the Hospitals are at least partly responsible for any delay during the pendency of this civil action. Finally, the Hospitals do not allege bad faith or malfeasance. Pls.' Reply at 35 n.24. The Hospitals' belated unreasonable delay claim takes them nowhere.

\* \* \*

At bottom, this Court's decision in *Cape Cod* still rings true: "Though Congress implemented the EJR provision to avoid unnecessary delays, those necessary to and inherent in the legal process are often unavoidable. The proper procedures must be followed[] and filing premature motions in an improper venue does little to mitigate the problem." *Cape Cod*, 565 F. Supp. 2d at 141. And yet, that is precisely what the Hospitals did. Although the Court urges

---

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *Chowdhury v. Blinken*, No. 21-cv-1205 (RCL), 2022 WL 136795, at *2–3 (D.D.C. Jan 14, 2022) (quoting *TRAC*, 750 F.2d at 80).

the Board to "expeditiously resolve this matter," the Court is well within its discretion to deny the Hospitals' request for mandamus relief. *See Mercy Gen.*, 643 F. Supp. 3d at 32 & n.12.

## IV.   CONCLUSION

For the reasons set forth above, the Secretary's Cross-Motion to Dismiss will be **GRANTED** and these consolidated cases will be **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Accordingly, the Hospitals' Motion for Partial Summary Judgment will be **DENIED AS MOOT**.

A separate Order consistent with this Memorandum Opinion shall issue.

Date: September 27, 2023

*/s/ Royce C. Lamberth*
Royce C. Lamberth
United States District Judge